**In the Matter of Byron C. GWINN, II and Patricia Gwinn, Debtors.**

**John W. PORTER, JR., Appellant,**

**v.**

**Byron C. GWINN, II, Appellee.**

**BAP No. NV–81–1033–LKH.**

**Bankruptcy No. LV–80–092.**

United States Bankruptcy
Appellate Panel,
Ninth Circuit.

Argued June 18, 1981.

Decided April 5, 1982.

David M. Huffman, Porter & Huffman, San Diego, for appellant.

Leonard A. Wilson, Las Vegas, Nev., for appellee.

Before LASAROW, KATZ and HUGHES, Bankruptcy Judges.

**234**

LASAROW, Bankruptcy Judge:

This is an appeal from a summary judgment of the Bankruptcy Court, 8 B.R. 905, dismissing appellant's complaint for a determination that his claim against the debtor is nondischargeable in bankruptcy. We reverse.

Appellant is an attorney who represented the debtor's former spouse in domestic relations litigation in the California Superior Court which occurred after the dissolution of marriage. The litigation involved issues of child support, spousal support and child custody. The Superior Court ordered the debtor to pay $15,000 to appellant for services he rendered to debtor's former spouse in that litigation. A subsequent order of the Superior Court characterized the attorney's fee previously awarded to appellant as "additional spousal support".

The debtor thereafter filed a petition under Chapter 7 of the Bankruptcy Reform Act. At that time he owed appellant a balance of $11,141.88 for fees pursuant to the Superior Court order. Appellant filed a complaint in the Bankruptcy Court seeking a determination that the obligation is nondischargeable under 11 U.S.C. § 523(a)(5). Debtor moved for a summary judgment which the trial court granted on the ground that the appellant had no standing to assert his claim of nondischargeability.

The question decided by the trial court in granting the summary judgment was whether or not a creditor, other than a spouse, former spouse, or child, may have a nondischargeable claim against the debtor for alimony or support pursuant to 11 U.S.C. § 523(a)(5). That subsection provides that a discharge in bankruptcy does not discharge a debtor "from any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child . . ." The trial court construed that section strictly to mean that a debt for alimony or support was not excepted from discharge unless payable directly to a spouse, former spouse, or child. Accordingly, the trial court held that the appellant did not qualify as a party who could assert a claim of nondischargeability under 11 U.S.C. § 523(a)(5).

At the time the trial judge rendered his decision there were no appellate decisions construing 11 U.S.C. § 523(a)(5). The trial court opinions were divided on the interpretation of that code section. The trial judge below cited and followed the trial court decision in *In re Spong*, 3 B.R. 619 (Bkrtcy W.D.N.Y.1980) and the line of cases cited therein. The Bankruptcy Court decision in *Spong* was affirmed by the District Court, but has now been reversed by the Second Circuit Court of Appeals. *In re Spong*, 661 F.2d 6 (2d Cir. 1981). We agree with the *Spong* decision of the Second Circuit and with the trial court opinion of *In re French*, 9 B.R. 464 (Bkrtcy.S.D.Cal.1981) and the cases cited therein deciding that a claim for attorney's fees awarded to the debtor's wife's attorney in a divorce action is nondischargeable pursuant to 11 U.S.C. § 523(a)(5), even though the debt was payable directly to the attorney.

Those decisions are supported by the legislative history of § 523(a)(5) which discloses that Congress intended not to exclude a debt for alimony or support from the nondischargeability provisions for the sole reason that the debt is not payable directly to a spouse, former spouse, or child of the debtor. That intent is inferentially demonstrated by the concluding legislative remarks appearing in the following joint statements of Congressman Don Edwards and Senator Dennis DeConcini, the floor managers of the compromise bill which became the Bankruptcy Reform Act:

"If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, such a debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of the debtor's spouse, former spouse, or child." 124 Cong.Rec. H11096 (Daily Ed. Sept. 28, 1978); 124 Cong.Rec. S17412 (Daily Ed. Oct. 6, 1978).

■ It should be briefly noted that a claim for alimony or support obtained by a

third party by way of assignment is expressly dischargeable as a result of the exception provided by § 523(a)(5)(A). However, we hold that an award of attorney's fees to an attorney in domestic relations litigation is not an assignment and would therefore not be covered by the assignment exception. This accords with *In re Spong*, 661 F.2d 6 (2d Cir. 1981).

 The court below disposed of the entire controversy by holding that the appellant had no standing. It therefore did not consider whether or not the appellant's claim was in the nature of alimony or support. Normally we would remand the case to the trial court for a determination of that issue. However, the facts are not disputed and the record is complete. We therefore choose to dispose of the issue, and we hold that the appellant's claim is in the nature of alimony and support. The 9th Circuit has ruled under the old Bankruptcy Act that attorney's fees awarded to an attorney for a bankrupt's former spouse in a California dissolution of marriage is in the nature of spousal support. *Jones v. Tyson*, 518 F.2d 678 (9th Cir. 1975). The 9th Circuit later refused to distinguish for dischargeability purposes attorney's fees awarded in divorce proceedings from those awarded in post-divorce custody litigation. *In re Catlow*, 663 F.2d 960 (9th Cir. 1981). The rules of *Jones v. Tyson* and *In re Catlow* have not been modified by the new Bankruptcy Reform Act.

We reverse and remand with instructions that an order be entered excepting appellant's fee award from discharge.