**In re James O. GIBSON, Debtor.**

**Virginia L. GARD, Plaintiff and Appellant,**

v.

**James O. GIBSON, Defendant and Appellee.**

**Nos. CC–88–1429–PVMO, LA 85–13305–CA and LA 87–02481–CA.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 19, 1989.

Decided June 6, 1989.

Virginia L. Gard, Olympia, Wash., in pro per.

Grant D. Telfer, Coleman & Coleman, Los Angeles, Cal., for James O. Gibson.

Before PERRIS, VOLINN and MOOREMAN, Bankruptcy Judges.

PERRIS, Bankruptcy Judge.

In a dissolution proceeding, the debtor was directed to pay to appellant, the attorney for his ex-wife, one-half of the attorney's fees incurred by the wife. Appellant filed an adversary proceeding to determine the dischargeability of debtor's obligation to pay those fees. This appeal is from a judgment that the obligation is dischargeable. We affirm.

## FACTS

On December 23, 1983 a "Second Further Judgment on Reserved Issues After Entry of Interlocutory Judgment and First Further Judgment" (the "Dissolution Decree") was filed in the California Superior Court in the dissolution proceeding of the debtor, James O. Gibson, (the "debtor" or "James") and Geruldine Gibson ("Geruldine"). Appellant/plaintiff, Virginia L. Gard ("appellant") was Geruldine's attorney in the dissolution proceeding. At the time of the Dissolution Decree, James and Geruldine had no minor children.

After the court basically divided the community property and liabilities equally between the spouses, it found that Geruldine's "gross monthly earnings are $1,733," that James received pension benefits of $209 a month (one-half of which will be going to Geruldine) and that James had "gross monthly cash inflow producing ability averaging $1,591." The court then found that despite the moderate disparity in the parties' cash inflow circumstances, it is equitable in view of the parties long marriage and the circumstances of their separation that [James] pay to [Geruldine] as spousal support an amount equal to [a medical insurance premium of $192 per month].

With respect to the attorney's fees and costs at issue in this appeal, the court found as follows:

20. Counsel for [Geruldine] has disbursed or incurred costs herein in the sum of $1,837.

21. Said counsel has also performed services on behalf of [Geruldine] having a reasonable value of not less than $38,000 and it is reasonable to anticipate that considerably more services must be performed by counsel before all matters involving this case are finally resolved. The foregoing is based on the past tendency of [James] to take unreasonable adversary positions on certain issues without substantial justification, occasionally reaching the point of outright obstructionism.

21. It is therefore equitable that [James] pay to counsel for [Geruldine] on account of his contributive share of fees $22,000, and costs $900, totaling $22,900, payable with interest.

Subsequently, debtor filed a Chapter 7 petition. Appellant filed a "Complaint to Determine Nondischargeability of Debt" alleging that the amount remaining owed to her from the debtor for the attorney's fee award was excepted from discharge under 11 U.S.C. § 523(a)(5). After appellant presented her case at trial, the bankruptcy court granted a judgment for the defendant discharging the debt, concluding that the award of attorney fees in the Dissolution Decree was a division of community debt rather than spousal support. Appellant filed a timely notice of appeal.

## ISSUE

Whether the debtor's obligation under the Dissolution Decree to pay attorney fees to appellant is a debt for alimony, maintenance or support that is excepted from discharge under 11 U.S.C. § 523(a)(5).

## STANDARD OF REVIEW

Ninth Circuit decisions appear to provide inconsistent authority regarding the standard of review to be applied in reviewing a determination under § 523(a)(5).[1] The precise determination at issue in this case—whether the liability at issue was one for maintenance, alimony or support—is generally considered a factual one, see *In re Calhoun*, 715 F.2d 1103, 1110 (6th Cir. 1983), which cannot be set aside unless clearly erroneous. Bankruptcy Rule 8013.

1. The Ninth circuit has applied the "gross abuse of discretion" standard in reviewing a section 523(a)(5) determination. See *Stout v. Prussel*, 691 F.2d 859, 861 (9th Cir.1982); *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984). The reasoning behind the application of the standard is that "the right to a discharge in bankruptcy is left to the sound discretion of the court." Id. Nevertheless, the Ninth Circuit has also applied the more strict "clearly erroneous" or "de novo" standards in reviewing certain dischargeability questions. See, e.g. *In re Lansford*, 822 F.2d 902, 904 (9th Cir.1987) (reasonable reliance and intent to deceive under section 523(a)(2)(B) involve factual determinations that are reviewed for clear error); *In re Teichman*, 774 F.2d 1395 (9th Cir.1985) (in reviewing a determination under sections 523(a)(4) and

In this case, however, the determination that the fee award was in the nature of a division of community debt rather than spousal support is akin to a summary judgment determination as it was made solely on the basis of documentary evidence. Therefore, de novo review is most appropriate. See *In re Marvin Properties, Inc.*, 854 F.2d 1183, 1185 (9th Cir.1988) (summary judgment determinations are reviewed de novo).

## DISCUSSION

■ Section 523(a)(5) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ..." Like all other exceptions to discharge, analysis under section 523(a)(5) begins with the principle that discharge is favored under the Bankruptcy Code and the party asserting nondischargeability has the burden of demonstrating that the obligation at issue is actually in the nature of alimony, maintenance or support. *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir.1986). Bankruptcy courts look to federal law, not state law to determine whether an obligation is actually in the nature of alimony, maintenance or support.[2] E.g. *Shaver*, 736 F.2d at 1316; 3 Collier on Bankruptcy P 523.15[1] (15th Ed. 1988). Although not bound by state law, courts can, however, look to state law for guidance. See *In re Spong*, 661 F.2d 6, 8–9 (2d Cir.1981).

523(a)(5) the court indicated that findings of fact are reviewed for clear error and conclusions of law are reviewed de novo).
We need not reconcile these apparently conflicting authorities because even applying, as we do, the stringent de novo standard of review, we determine that the bankruptcy court should be affirmed.

2. Appellant cites *In re Catlow*, 663 F.2d 960 (9th Cir.1981), which construes the Bankruptcy Act, for the proposition that bankruptcy courts look to state law in characterizing an obligation as one for alimony, maintenance or support. However, as the court explained in *Stout v. Prussel*, 691 F.2d at 860–61:
Prior to the enactment of the Bankruptcy Code of 1978, courts uniformly applied state law to

■ In determining whether an obligation is in the nature of alimony, maintenance or support, "the court must look to the "intent of the parties and the substance of the obligation." *Shaver*, 736 F.2d at 1316. A factor in characterizing an obligation as one intended for support is the need of the recipient spouse. *Id.* Factors indicating the need for support "include the presence of minor children and an imbalance in the relative income of the parties" and whether the obligation terminates on the death or remarriage of the recipient spouse. *Id.*

A number of cases have addressed the dischargeability of attorney's fees awarded under dissolution decrees or settlement agreements. The majority of these cases hold that such fees are nondischargeable under section 523(a)(5) as alimony, maintenance or support. See e.g. *In re Gwinn*, 20 B.R. 233 (9th Cir. BAP 1982);[3] *Spong*, supra; but see *In re King*, 15 B.R. 127 (Bankr.D.Kan.1981) (where ex-wife was not in dire financial need at the time of the dissolution, attorney's fees would be considered part of the division of debts rather than alimony, maintenance or support).

Similar to the reasoning of *Shaver*, virtually all of the cases look to the fact that the award of attorney's fees was based upon the need of the recipient spouse or the financial circumstances of the parties in determining that the attorney fees are support. See e.g. *Spong*, 661 F.2d at 7; *In re Heverly*, 68 B.R. 21, 23 (Bankr.M.D.Fla. 1986); see also *Jones v. Tyson*, 518 F.2d at 680–81. Where an attorney's fee award was not based upon financial need, the obligation to pay the fees was found to be dischargeable. *King*, 15 B.R. at 130.

Under California law, in awarding attorney's fees in a dissolution action, a court considers the need for the award to enable each party to have financial resources to litigate his or her case taking into consideration the respective financial positions of the parties and the extent to which the conduct of each party furthers or frustrates the policy of the law to promote settlement of litigation. See Cal.Civil Code §§ 4370, 4370.5 and 4801. In this case, although need was an appropriate factor in making a fee award, the evidence does not reflect that the state court based its award on the need or financial circumstances of the parties. The parties had no minor children and, although Geruldine was awarded $192 per month as "spousal support", the Dissolution decree indicates that there was no imbalance in the relative income of the parties. Where, as here, the award does not reflect the relative financial need of the parties, under the factors enunciated by Shaver, the bankruptcy court did not err in finding that the award was not in the nature of alimony, support or maintenance.

■ Appellant's arguments do not compel a contrary result. Appellant correctly argues that the attorney's fees obligation may be nondischargeable under section 523(a)(5) despite the fact that the Dissolution decree orders payment directly to the attorney. See e.g. *Gwinn*, 20 B.R. at 234. However, the appellant must also establish that the obligation is in the nature of alimony, maintenance or support. Appellant's citations to California case law do not compel a determination that the debt is nondischargeable because, as was mentioned above, we are not bound by California law. To the extent we look to California law for guidance, that law states, as discussed

---

determine whether an obligation was in the nature of alimony, maintenance or support. However, in enacting the Code, Congress dictated that this determination should be made by application of federal rather than state law. (citations omitted).

**3.** In so holding, *Gwinn* relied on *Jones v. Tyson*, 518 F.2d 678 (9th Cir.1975), which held under the old Bankruptcy Act that attorney's fees awarded to an attorney for a debtor's former spouse in a California dissolution proceeding were spousal support. The Panel stated in *Gwinn* that the rule of *Jones v. Tyson* had not

been altered by the enactment of the Bankruptcy Code. While *Gwinn* may be correct insofar that *Jones v. Tyson* remains a valid statement in California law, the lesson of *Stout v. Prussel* supra, is that since the enactment of the Code, the determination of whether an obligation is one for spousal maintenance, alimony or support is one that is made under federal law. Because *Jones v. Tyson* was decided solely on the basis of California law rather than federal law and did not address the factors enumerated in *Shaver*, supra, we are not bound by *Jones v. Tyson* in deciding this issue under federal law.

above, that fee awards in divorce actions are based on need and the parties financial circumstances. The award at issue in this case was not based on need.

In summary, the bankruptcy court reviewed the Dissolution decree and found that the attorney's fee award reflected an equitable division of a debt. The state court considered the debtor's conduct in causing the fees to be incurred and basically divided incurred and estimated fees and costs in half and ordered debtor to pay his share. The state court did not appear to consider the relative need or financial circumstances of the parties in making this determination. The actions taken by the state court with regard to the attorney's fee award were more consistent with a division of community property and debt [4] than with a support award. Therefore the bankruptcy court correctly determined that the attorney's fee award was not alimony, maintenance or support under section 523(a)(5) and was therefore dischargeable. Consequently, we AFFIRM.

---

4. The state court's action was not technically the division of a community debt because such a division would be inconsistent with Cal.Civ. Code § 4800(c)(3)(B). However, Cal.Civ.Code § 4370.5(b)(2), which permits fee awards to be based upon the conduct of the parties in litigation, enables the state court to treat attorney's fees incurred post-separation in the same manner as a community debt.