### In re Gregory D. ENGEL, Debtor.

### Bankruptcy No. 92–03837–13.

United States Bankruptcy Court,
D. Idaho.

Feb. 22, 1993.

Kenneth L. Anderson, Lewiston, ID, for debtor.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

The State of Idaho, Department of Health and Welfare, Bureau of Child Support Enforcement, has moved for relief from the section 362 automatic stay in order to proceed with child support collection procedures against the debtor separate from the debtor's chapter 13 case. The debtor's chapter 13 plan was confirmed on February 1, 1993 without objection from any creditor or interested party.

The debtor's plan provides for payment of the child support obligation as follows.

2) Classification of unsecured claims. The following unsecured claims will receive the indicated dollar amounts on their allowed value provided they file a timely allowed proof of claim: Idaho Department of Health and Welfare, Bureau of Child Support Enforcement: (for claims in Idaho and Washington): $9720 in equal monthly installments, to be credited first to current child support payments due in both states and secondarily to arrears.

Relief from the section 362 automatic stay for child support purposes is governed by section 362(b)(2). That statute provides:

(b) The filing of a petition, under ... this title, ... does not operate as a stay—

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;

Upon confirmation of a chapter 13 plan all of the property of the estate be-

---

comes vested in the debtor.[1] The child support payments as provided in the debtor's plan are thus not property of the estate and section 362(b)(2) is applicable.

Further, §§ 523(a)(5) and 1328(a)(2) except child support obligations from discharge.

■ The terms of a confirmed plan, however, bind the debtor and each creditor.[2]

■ *In re Pacana,* 125 B.R. 19 (9th Cir. B.A.P.1991) is also applicable. In that case, the Ninth Circuit Bankruptcy Appellate Panel held a debtor's child support obligations were insulated from mandatory inclusion in a chapter 13 plan. In that case, Judge Volinn concluded:

> Thus, Congress by virtue of § 362(b)(2) specifically excepted child support obligations from the effect of the bankruptcy stay while the case is pending, and through §§ 1328(a)(2) and 523(a)(5), it specifically excepted child support obligations from the effect of confirmation in the Chapter 13 bankruptcy case. These provisions, read together, are consistent and manifest a legislative intent that child support obligations be excepted from the broad reach of §§ 1322 and 1327, and therefore from the effects of a Chapter 13 plan, as well as the post-confirmation automatic stay.

And, at page 24:

> We recognize that various cases cited above are reacting constructively to the economic problem of a debtor who, unable to meet support or alimony obligations, turns to Chapter 13. However, the Code's treatment of child support obligations manifests Congressional intent that while a Chapter 13 plan may alter or delay the enforcement of ordinary unsecured creditors' claims, child support claimants need not wait in line with such creditors, but rather may proceed against the debtor without the hindrance of either automatic stay or discharge.

Thus, the State of Idaho, Department of Health and Welfare, Bureau of Child Support Enforcement, the movant, may proceed under the exception of § 362(b)(2) and stay relief is appropriate.

Accordingly, it is

ORDERED:

The motion for stay relief is granted.

---

1.  11 U.S.C. § 1327(b).

2.  11 U.S.C. § 1327(a).