**In re Thomas M. EVAUL, Debtor.**

**Bankruptcy No. 92–23232.**

United States Bankruptcy Court,
W.D. New York.

March 30, 1993.

---

David L. Rasmussen, Rochester, NY, for debtor.

George M. Reiber, Chapter 13 Trustee, Rochester, NY.

### DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On December 3, 1992 the debtor, Thomas M. Evaul (the "Debtor"), filed a petition initiating a Chapter 13 case. On his Schedules, the Debtor listed his residence at 147 Brower Road, Rochester, New York ("Brower Road") as having a value of $60,000 and being subject to: (1) a first mortgage lien in favor of Citicorp with an outstanding balance of approximately $53,000; and (2) a judgment lien in favor of the New Jersey Higher Education Assistance Authority ("New Jersey Higher Education") in the principal amount of $5,938.09. The Debtor also claimed a homestead exemption of $10,000.

By motion pursuant to Section 522(f), the Debtor sought to avoid the judicial lien of New Jersey Higher Education to the extent it impaired his claimed homestead exemption. On the return date counsel for the Debtor acknowledged that the claim of New Jersey Higher Education was for a student loan which was a non-dischargeable debt under Sections 523(a)(8) and

1328(a)(2). Whether, in a Chapter 13 case, Section 522(f) allows the avoidance of a judicial lien which secures such a non-dischargeable student loan debt is a matter of first impression for this Court.

## DISCUSSION

■ The majority of the courts which have decided this issue have determined that because Section 522(c) specifically enumerates certain non-dischargeable pre-petition debts for which exempt property is liable, Congress intended that Section 522(f) could be used to avoid judicial liens on exempt property secured by non-dischargeable debts not specifically protected by Section 522(c). *In re Ewiak*, 75 B.R. 211, 213 (Bankr.W.D.Pa.1987); *In re Gartrell*, 119 B.R. 405, 406 (Bankr.W.D.N.Y. 1990); *In re Hampton*, 104 B.R. 527, 528 (Bankr.M.D.Ga.1989).[1]

This Court agrees that Congress has apparently determined that a debtor's exempt property rights under Section 522(f), as part of his fresh start, are superior to the limitation it created on that fresh start when it made certain student loan debts non-dischargeable.

## CONCLUSION

■ The New Jersey Higher Education judgment lien is avoided to the extent, but only to the extent, necessary so that the Debtor, upon any sale or disposition of Brower Road and after the payment of the Citicorp mortgage and necessary, reasonable and customary closing costs, receives net proceeds of up to $10,000—the amount of the exemption provided by Section 5206 of the New York Civil Practice Law and Rules. Any excess proceeds, after the Debtor has received his $10,000

exemption, resulting from any sale or disposition of the property shall be paid to New Jersey Higher Education until its judgment lien is paid in full.[2] If upon a sale or disposition of Brower Road there are no such excess proceeds available for New Jersey Higher Education, it shall provide a release of its judgment lien. To insure that this result occurs should Brower Road be sold or disposed of prior to the closing or dismissal of the Debtor's Chapter 13 case or any converted Chapter 7 case, the Order confirming the Debtor's Plan shall require a specific Bankruptcy Court Order approving the sale or disposition of Brower Road during the pendency of the case.[3]

■ Furthermore, should the Debtor's case be dismissed, the New Jersey Higher Education judgment lien will be reinstated in full pursuant to Section 349(b). Of course, the partial avoidance of the judgment lien on Brower Road does not void the judgment itself since the underlying debt is non-dischargeable.

**IT IS SO ORDERED.**

---

1. Section 522(c) was amended as recently as 1990 to expand the list of debts for which exempt property would be liable, and a non-dischargeable student loan under 523(a)(8) was not one of the added debts.

2. A more literal interpretation of Section 522(f) is warranted when the judgment lien to be avoided secures a non-dischargeable debt rather than a dischargeable one. This results in a more equitable balance between the competing fresh start and non-dischargeable debt policies

to prevent the Debtor from obtaining a head start. *Cf. In re Chabot,* 100 B.R. 18, 20–22 (Bankr.C.D.Cal.1989) (all Section 522(f)(1) avoidance power is so limited.)

3. The Debtor's monthly Plan payment under his confirmed Chapter 13 Plan is $240. Included in the Debtor's income is $300 per month in rent from a tenant, apparently at Brower Road. This raises a question of the ongoing viability of the Plan if Brower Road were to be sold.