**In re Richard F. DeCOSMO, Debtor.**

**Bankruptcy No. 93–21288.**

United States Bankruptcy Court,
W.D. New York.

Jan. 31, 1994.

Michael H. Arnold, Fairport, NY, for debtor.

Melinda Broikos, Pittsford, NY, for creditor Terese DeRuyter.

### DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On June 2, 1993, the Debtor, Richard F. DeCosmo (the "Debtor"), filed a petition initiating a Chapter 7 case. On his schedules the Debtor claimed a homestead exemption of $10,000.00 in his residence at 165 Brentwood Lane, Fairport, New York ("Brentwood Lane"). The Debtor also listed his former spouse, Terese DeRuyter ("DeRuyter"), as an unsecured creditor with a prepetition judgment in the amount of $15,508.60 for child support arrearages (the "Child Support Judgment").

On September 7, 1993, DeRuyter commenced an adversary proceeding against the

Debtor to have the Court determine the Child Support Judgment to be nondischargeable pursuant to Section 523(a)(5).

On November 4, 1993, a Stipulated Order was entered determining the Child Support Judgment to be nondischargeable pursuant to Section 523(a)(5) and providing that any stay of the enforcement of the Judgment be lifted.

On November 8, 1993, the Debtor filed a motion pursuant to Section 522(f) to have a number of prepetition judgment liens against Brentwood Lane avoided. The Child Support Judgment was one of the judgment liens which the Debtor sought to avoid. DeRuyter filed opposition to the motion contending that the Child Support Judgment lien should not be avoided because Section 522(c)(1) specifically provides that exempt property remains liable for prepetition debts which are determined to be nondischargeable pursuant to Section 523(a)(5).

On the return date of the motion, the Court was advised by the attorney for the Debtor that the matter was settled and that an order would be submitted. However, when it became clear to the attorneys for the parties that the matter was not in fact settled, it was restored to the Court's Motion Calendar for January 19, 1994. At that time, the Court decided the motion but indicated to the parties that it would also issue a written decision.

## DISCUSSION

This Court has previously held that Section 522(f) could be used to avoid judicial liens on exempt property secured by nondischargeable debts not specifically protected by Section 522(c). *In re Evaul,* 152 B.R. 31 (Bankr.W.D.N.Y.1993).

In this case, by stipulated order, the debt evidenced by the Child Support Judgment,[1] has been determined by the Court to be nondischargeable pursuant to Section 523(a)(5).

Congress in Section 522(c)(1)[2] has specifically provided that exempt property remains liable for the payment of such prepetition nondischargeable debts. Therefore, the Child Support Judgment lien will not be avoided pursuant to Section 522(f). *See In re Citrone,* 159 B.R. 144, 146 (Bankr.S.D.N.Y. 1992); *In re Stebbins by and through Dahl,* 105 B.R. 118, 119 (S.D.Fla.1989).

Section 522(f)(1)[3] provides for the avoidance of a judicial lien on a debtor's property to the extent that such a judicial lien impairs a debtor's exemption. This section furthers the underlying policy of providing a Debtor with a "fresh start." The Court is aware that there are some authorities that indicate that Section 522(f) can be used to avoid a judgment lien where the underlying debt has been determined to be nondischargeable pursuant to Section 523(a)(5), notwithstanding the clear provisions of Section 522(c). Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law and the Bankruptcy Code* § 7.03[5] (Lawrence P. King ed., 1993). However, the Court cannot find any case law which supports this position and disagrees with the authors of *Collier Family Law and the Bankruptcy Code.* These authors may believe that the use of the avoidance provisions of Section 522(f) would not be in conflict with the clear provision of Section 522(c), because the avoidance of the judicial lien would only result in the loss of one of what may be several remedies available to a creditor holding such a nondischargeable debt. In theory, the creditor could still pursue the exempted property interest by using other available remedies. In this case, however, if

---

1. Under New York law, the filing of a judgment creates a lien on all real property of the defendant in the county where the judgment is filed.

2. Section 522(c) provides:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title.

3. Section 522(f)(1) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien.

the Child Support Judgment lien were avoided pursuant to Section 522(f), it is not clear whether under New York law DeRuyter would have available to her another effective remedy to realize on the Debtor's exempted property interest in Brentwood Lane. If there is such an alternative effective remedy, it would only be available after DeRuyter had incurred significant and, in this Court's view, unnecessary expenses in further state court collection proceedings. Clearly, the most effective remedy under New York law for DeRuyter to realize on the Debtor's exempted property interest in Brentwood Lane is to have a judicial lien on the real property. That would insure that for as long as the judgment remained a lien on the property the property could not be sold without the judgment being paid or the holder of the judgment lien consenting to the sale. Congress could not have intended that Section 522(f) could be used to avoid the lien of a creditor holding a Section 523(a)(5) nondischargeable debt to deprive that creditor of the most effective remedy available under state law to realize on an exempted real property interest and force that creditor to incur significant additional expenses to obtain an alternate remedy so as to be able to take advantage of the clear and important protections provided by Section 522(c).[4] This is especially true where, as here, the avoidance of this lien would not further the policy of providing the Debtor with a "fresh start," because Section 522(c)(1) specifically limits the Debtor's "fresh start" as to this category of nondischargeable debt.

### CONCLUSION

The Debtor's motion to avoid the judicial lien of Terese DeRuyter on Brentwood Lane pursuant to Section 522(f) is in all respects denied.

**IT IS SO ORDERED.**

---

**4.** In fact, the Debtor's argument to the Court was exactly that. The Debtor asserted that as part of his fresh start he should be able to use Section 522(f) to avoid the lien of the Child Support Judgment so that he could sell Brentwood Lane and retain the proceeds, requiring the nondischargeable creditor to look to other assets, including other exempt assets, to satisfy the Judgment.