**In re Alfred and Donna SLATER, Debtors.**

**Bankruptcy No. 93–03036–K13.**

United States Bankruptcy Court, E.D. Washington.

Aug. 18, 1995.

---

Janice Drye, Spokane, WA.

Daniel H. Brunner, Trustee, Spokane, WA.

Before JOHN A. ROSSMEISSL, Chief Bankruptcy Judge, and JOHN M. KLOBUCHER, Bankruptcy Judge:

## MEMORANDUM OPINION

JOHN M. KLOBUCHER, Bankruptcy Judge:

### PROCEDURAL HISTORY

The Debtor and Maxine Slater dissolved their marriage in 1987. A judgment was thereafter entered against the Debtor requiring him to pay $24,508.84 in back child support and spousal maintenance. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code and proposed a plan which would pay the full amount of the child support obligation. Maxine Slater objected to the Debtor's plan because it included her non-dischargeable debt, it did not provide interest on her claim, and it proposed to avoid a judicial lien for attorney's fees and costs incurred in enforcing the maintenance and support obligation. The Office of the Chapter 13 Trustee and the Office of the Attorney General of the State of Washington filed responsive briefs to Ms. Slater's objection.

### JURISDICTION

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1334(a) and (d), 28 U.S.C. § 157(a), and Local Rule 29 of the United States District Court for the Eastern District of Washington. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).

### ISSUES

This Court is being asked to determine whether or not the Debtor's Chapter 13 plan as proposed is confirmable pursuant to 11 U.S.C. § 1325.

### FACTS

Maxine and Alfred Slater's marriage was dissolved March 27, 1987, and the decree of dissolution ordered Mr. Slater to pay $300.00 per month per child, plus 25% of his net monthly overtime wages for the support of

Donald D. Hackney, Spokane, WA, for Debtors.

Donna Stambaugh, Spokane, WA.

W. Kenneth Norris, Spokane, WA.

his two children. He was also ordered to pay $400.00 per month for two years for spousal maintenance. Maxine Slater moved to modify the support order in December of 1988 but her motion was denied. She appealed and the decision was reversed and remanded for trial. After trial, a judgment was entered requiring Mr. Slater to pay Maxine Slater $20,234.84 in back child support and back spousal maintenance, $4,337.00 to the State of Washington for back child support and $1,500.00 to University Legal Assistance for attorney's fees. Both parties appealed.

The Slaters' appeal was stayed when the Debtor filed his petition for relief under Chapter 13. The Debtor's plan proposed to separately classify Ms. Slater's claim as a non-dischargeable unsecured claim without priority, to be paid in full, but did not provide for interest on her claim. The plan also proposed to avoid the judicial lien for attorney's fees and costs which had been awarded to University Legal Assistance in enforcing the maintenance and support obligations owed to Ms. Slater. Other relevant plan provisions included that the debtor's post-petition wages would remain property of the estate during the pendency of the plan, and that property of the estate would revest in the debtor at such time as a discharge is entered or the case is dismissed.

### DISCUSSION

In order to determine whether the Debtor's plan is confirmable, this Court must decide whether (1) it has jurisdiction to mandatorily include child support and spousal maintenance arrearages in a Chapter 13 plan; (2) the debtor can separately classify a non-dischargeable unsecured claim without priority; (3) the interest on a non-dischargeable debt must be provided for; and (4) the plan can avoid a lien on the debtor's residence for attorneys' fees incurred in enforcing a maintenance and support obligation.

■ Debtor's counsel argues this court may include child support arrearages in a Chapter 13 plan as long as the plan does not change or modify the state court order awarding those payments, relying on *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct.

2206, 119 L.Ed.2d 468 (1992), and *In re Stringer*, 847 F.2d 549 (9th Cir.1988).

Maxine Slater, represented by University Legal Assistance, argues child support and alimony debts are insulated from mandatory inclusion in a Chapter 13 Plan, are excepted from discharge, and are not subject to the automatic stay, relying on *In re Pacana*, 125 B.R. 19 (9th Cir. BAP 1991) and *In re Engel*, 151 B.R. 542 (Bankr.D.Idaho 1993), a post-*Ankenbrandt* decision.

The State of Washington, Department of Social and Health Services, Division of Child Support, asserts child support arrearages may be included in a Chapter 13 plan as long as the court is not issuing a decree of support, alimony or child custody, or interfering with a state court remedy or pending state action. Additionally, the state argues the bankruptcy court should include provisions for interest in accordance with the state court judgment.

The Chapter 13 trustee submits that since section 1306(a) includes all post-petition earnings as property of the estate, and the debtor's plan provides for postponing the vesting of property in the debtor until discharge or dismissal, the section 362(b)(2) exception which permits collection of alimony and support from property that is not property of the estate does not apply. The trustee argues, based on *In re Stringer*, the court should overrule Maxine Slater's objection insofar as she claims the debt owed to her is outside the scope of a Chapter 13 plan. The Chapter 13 Trustee cites *In re Gonzales*, 172 B.R. 320 (DC E.D.WA.1994), for the proposition that *Pacana* is not binding authority in this district.

■ The commencement of a case under a chapter of the Bankruptcy Code creates an estate. 11 U.S.C. § 541(a). That estate is comprised of the property specified in Section 541. When a debtor files under Chapter 13, Section 1306(a) provides that the section 541 estate is enlarged to include property acquired after the commencement of the case, and earnings from services performed by the debtor after the commencement of the case. Although 11 U.S.C. § 362(a) operates to stay collection efforts against property of

the estate, a limited exception exists in section 362(b)(2) which permits collection of alimony, maintenance, or support from property that is not property of the estate. The extent to which the § 362(b)(2) exception has been applied has been the subject of much debate.

With the above arguments and principles in mind, we turn to the issue of jurisdiction.

The Supreme Court, in *Ankenbrandt v. Richards*, held the Constitution does not exclude all domestic relations matters from the jurisdiction otherwise granted by statute to the federal courts. The *Ankenbrandt* court limited federal jurisdiction to the enforcement of a state court decree, precluding authority to either grant or modify a divorce or alimony decree.

Since the case at bar was argued, the "Bankruptcy Reform Act of 1994" was enacted. Although the new Act applies to cases filed after October, 1994, it is instructive as to Congress' intent on the issue of bankruptcy court jurisdiction in domestic relations matters. Various sections of the Code were amended to increase the protection the Code offers for alimony and child support. Significantly, the automatic stay will not apply to the establishment or modification of child support orders or to the collection of such payments from non-estate property. Such claims are given seventh priority under section 507(a).

Moreover, since argument of this case, Chief District Judge Quackenbush decided *In re Gonzales, supra* which addresses the issue of whether separate classification of child support debt constitutes unfair discrimination. After considering *In re Pacana*, the Court noted that "No previously-mentioned case discussing the inclusion of child support in a Chapter 13 plan directly binds this court.", and ruled that separate classification for child support is not unfair in light of the non-dischargeability of child support, society's strong interest in having child support paid in full, and the debtor's need to start fresh upon completion of the plan.

■ Based on the foregoing, this Court concludes that it has the authority to include child support arrearages in a Chapter 13 plan, and adopts the rationale for including the support payments as set forth in *In re Gonzales*. Additionally, the court concludes the inclusion of the child support arrearages complies with the requirements of 11 U.S.C. § 1325.

■ We will next address the issue of whether or not the court has the authority to require that post-petition interest be paid in a Chapter 13 plan on an unsecured, non-dischargeable debt.

■ As this Court has already noted, *Ankenbrandt v. Richards* holds that federal courts do not have jurisdiction to modify divorce, alimony or custody decrees. The Findings of Fact and Conclusions of Law, and Order issued from the Superior Court in the case at bar indicates in its Judgment Summary that the principal judgment and attorney's fees, costs and other recovery amounts shall bear interest at 12% per annum. R.C.W. 4.56.110(2) further states that all judgments for unpaid child support that have accrued under a superior court order shall bear interest at the rate of twelve per cent. Additionally, in *Marriage of Glass*, 67 Wash.App. 378, 835 P.2d 1054 (1992) the court held a court has no power to decline to award the full amount of statutory interest due on a judgment for overdue child support and/or maintenance. It is clear Washington law anticipates child support and maintenance will include interest.

■ Under the Bankruptcy Code, unsecured creditors are not ordinarily entitled to include unmatured post-petition interest as part of their claims. 11 U.S.C. 502(b)(2). However, the Supreme Court in *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1962) distinguished between the concepts of the denial of post-petition interest against the estate, and the accrual of interest on a non-dischargeable debt during the pendency of a bankruptcy collectable after the conclusion of the bankruptcy proceeding. The Supreme Court held in *Bruning* that for varying policy reasons, if a debt was non-dischargeable, post-petition interest on that debt would also be non-dischargeable. Although *Bruning* is a pre-Code case, its authority on this issue has been applied by

other appellate courts to cases arising under the Code. *See Leeper v. Pennsylvania Higher Education Assistance Agency*, 49 F.3d 98 (3d Cir.1995).

The *Bruning* decision allowing post-petition interest to accrue against the debtor has also been followed in the context of a Chapter 13 proceeding. *Leeper v. PHEA, supra*. In *Leeper*, the Third Circuit Court of Appeals ruled that even though the accrual of interest may result in a Chapter 13 debtor emerging from bankruptcy owing more than at the time of filing his petition, post-petition interest may accrue as to the debtor personally while a bankruptcy is pending.

This court concludes therefore, that even though the debtor's plan does not provide for interest on the non-dischargeable child support debt, the plan is confirmable because the interest may continue to accrue against the debtor to be recovered from the debtor personally at the conclusion of the case. Furthermore, there is no requirement that the non-dischargeable debt—with or without interest—be paid in full during the pendency of the case.

■ Next, we address the issue of whether or not the attorney's fees awarded to Ms. Slater to be paid to University Legal Assistance as the attorney for the judgment creditor are non-dischargeable.

■ R.C.W. 26.09.160(1) mandates an award of reasonable attorney's fees to the aggrieved party enforcing a Decree of Dissolution. The United States Bankruptcy Appellate Panel in *Matter of Gwinn*, 20 B.R. 233 (9th Cir. BAP 1982) chose to follow the line of cases that held a claim for attorney's fees awarded to the debtor's wife's attorney in a divorce action is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5), even though the debt was payable directly to the attorney. However, in *In re Gibson*, 103 B.R. 218 (9th Cir. BAP 1989), the Court held that for dischargeability purposes, the Bankruptcy Court must look to the intent of the parties and the substance of the obligation as well as other factors such as the need of the recipient spouse and the relative incomes of the parties to determine whether or not the obligation is in the nature of alimony, mainte-

nance or support, and thus dischargeable. Similarly Judge Quackenbush, in *Dahlin v. Nagy*, U.S. District Court, Eastern District of Washington, No. CS–94–077–JLQ held Guardian Ad Litem fees are non-dischargeable as they too are in the nature of support.

■ Applying the law to the facts at hand, Ms. Slater's need for support is evidenced by the fact that she could not afford an attorney but rather needed the assistance of University Legal Services. As noted above, the payment of the fees to a third party is not in and of itself sufficient to exclude the payment from the 523(a)(5) exception to dischargeability. We therefore find the attorney's fees to be in the nature of support and non-dischargeable.

■ Finally, the court addresses the Debtor's application to avoid the judicial lien of University Legal Assistance upon his residence. No basis for the application was stated in the notice, and no motion was filed as required by FRBP 4003(d) and 9014. Ms. Slater objected to the debtor's notice asserting the award of attorney's fees was for costs and representation for the enforcement of support monies owed by the debtor and are therefore not dischargeable. The issue we will address is whether the dischargeability status of a debt secured by a lien affects the debtor's right to avoid the lien.

11 U.S.C. 522(f)(1) states the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent the lien impairs an exemption to which the debtor would have been entitled if the lien is a judicial lien. Here it is undisputed University Legal Assistance holds a valid judicial lien. The inquiry, then, is whether University Legal Assistance's lien impairs an exemption to which the debtor would have been entitled.

Section 522(b) states that an individual debtor may exempt property listed in either paragraph (1) or (2) of that subsection. Property exempted is not liable during or after the case for any debt of the debtor EXCEPT a debt of the kind specified in section 523(a)(1), (taxes), or section 523(a)(5), (alimony, child support or maintenance). 11 U.S.C. 522(c).

Several courts have held a debtor's avoidance powers are not conditioned upon whether the underlying debt is non-dischargeable. *In re Ash,* et al., 166 B.R. 202 (Bkrtcy. D.Conn.1994). A few courts have found that § 522(f) can be used to avoid liens on exempt property secured by non-dischargeable debts not specifically protected by section 522(c). *In re Evaul,* 152 B.R. 31 (Bankr.W.D.N.Y. 1993). Other courts have found a conflict between the provisions of section 522(f) and 522(c), and have allowed judicial liens to be avoided under 522(f) even where the underlying debt was found to be non-dischargeable pursuant to section 523(a)(5). Henry J. Sommer & Margaret Dee McGarity, *Collier Family Law and the Bankruptcy Code* Section 7.03(5) and 7.04 et al. (Lawrence P. King ed., 1993).

This court is cognizant of R.C.W. 6.13.080 which states that the homestead exemption is not available against execution or forced sale in satisfaction of judgments obtained on debts arising from a lawful court order or decree or administrative order establishing a child support obligation or obligation to pay spousal maintenance. R.C.W. 6.13.080(4). Applying state law, one could arguably conclude that the lien of University Legal Assistance does not impair an exemption to which the debtor would have been entitled.

However, in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1990), Justice Scalia held a judicial lien could be avoided under the bankruptcy statute as impairing the debtor's state law exemptions, even though the state had defined exempt property in such a way as to specifically exclude property encumbered by the lien. The import of *Owen* is that to avoid liens in bankruptcy, one looks to federal law for the exempt status of the property.

We find most persuasive, the argument made in *In re DeCosmo,* 163 B.R. 227 (Bkrtcy.W.D.N.Y.1994) that because 11 U.S.C. 522(c) specifically enumerates certain non-dischargeable pre-petition debts for which exempt property is liable, Congress clearly intended the avoidance powers of 522(f) be used to avoid judicial liens on exempt property secured by non-dischargeable debts NOT specifically protected by section 522(c). This analysis accommodates the Supreme Court ruling in *Owen* that federal law applies to determine the exemption status of property of the estate, and it conforms to the policy inherent in the Washington Homestead Exemption statute of excepting otherwise exempt property from judicial liens for child support, maintenance and alimony.

We conclude the judicial lien of University Legal Assistance is for a non-dischargeable debt pursuant to 523(a)(5) and does not impair an exemption pursuant to 522(c). Therefore, the application to avoid the lien is hereby denied.