**In re Keith Roy PIPES & Sherry Dee Pipes, Debtors.**

**Bankruptcy No. 87–01909–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Oct. 27, 1987.

Harvey Hoffman, Columbia, Mo., for debtors.

Norman W. Lampton, Columbia, Mo., for ITT Financial.

Jack Brown, Trustee, Columbia, Mo.

Carrie Francke, Columbia, Mo., for Centerre Bank.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors Keith Roy Pipes and his spouse Sherry Dee Pipes filed their petition for relief in Chapter 7 on May 1, 1987. Unknown to their bankruptcy counsel, they had previously filed for dissolution from the bonds of matrimony and on June 1, 1987 or June 7, 1987 or June 9, 1987 (the parties were as unclear as to the date as they were to most details) they were granted a decree of dissolution by the Circuit Court of Boone County, Missouri. Wheth-er counsel for Mr. Pipes and Mrs. Pipes were aware of the pending bankruptcy proceedings was not developed by the evidence heard by this Court. If they were, they certainly proceeded in direct and total derogation of *Crowley v. Crowley*, 715 S.W.2d 934 (Mo.Ct.App.So.Dist.1986). Be that as it may, Mrs. Pipes was awarded most, if not all, of the personal property that comprised the equipment used in the service station that the two of them had owned prior to the dissolution and which Mr. Pipes apparently managed for Mrs. Pipes from the date of the dissolution decree until some time in August when Mrs. Pipes sold the service station to a third party not yet involved in any of these proceedings.

In any event debtors finally appeared at a Section 341 meeting on July 10, 1987, having obtained a continuance of the original setting. The Trustee filed a Report of No Distribution on July 13, 1987. The debtors filed a Motion For Redemption of a 1977 Dodge Pickup on August 13, 1987. By this they sought to pay Centerre Bank of Columbia $500.00 for redemption. Debtors also filed a Motion To Avoid Lien on certain household goods, mechanics tools, jewelry and a dune buggy under the theory that the lien of ITT thereon was a non-purchase money, non-possessory lien.

Under cross-examination by counsel for two above-named creditors it appeared that the note and security agreement to the Centerre Bank, although allegedly signed by both Mrs. Pipes and Mr. Pipes, had been signed by Mrs. Pipes and someone other than Mr. Pipes. To state it as delicately as possible, Mr. & Mrs. Pipes were separated at the time and Mrs. Pipes procured the purported signature of Mr. Pipes by someone who may have been sharing some of Mr. Pipes marital rights as well as the use of his signature. Mr. Pipes also did not seem to be without sin, since it developed that he had sold to a friend the winch or hoist previously mounted on the sought to be redeemed truck and was unwilling to divulge the name of the "friend" to whom said disposal had occurred.

Before addressing the merits of the issues raised in the two motions by the debt-

ors, it seems to the Court that there are two seminal issues which the Court is duty bound to consider. Obviously those are: (1) can two debtors married at the date of the bankruptcy filing but with a dissolution action pending which is finally decreed before the Section 341 meeting (both or either) obtain discharge in the same bankruptcy proceeding; and (2) can two debtors who (on the evidence peripherally introduced) seem unlikely to obtain discharge under Section 523 or Section 727 enjoy the benefits of redemption and lien avoidance? The Court will, therefore, consider those two issues.

■ The filing of a joint petition by husband and wife was a new creation of The Bankruptcy Reform Act of 1978, 11 U.S.C. Section 302. Heretofore, a husband and wife jointly liable for debts, had to file separate petitions, pay separate filing fees, and go through separate proceedings. The legislative history provides some insight into the thinking of Congress. House Report No. 95–595 to accompany H.R. 8200, 95th Congress, 1st Session (1977) pg. 321, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6277, sets out the following rationale:

> "A joint case will facilitate consolidation of their estates, to the benefit of both the debtors and their creditors, because the cost of administration will be reduced, and there will be only one filing fee".

That rationale strikes the Court as still being persuasive and it seems clear that if the anticipated Section 523 and Section 727 actions are filed by creditors, both they and the debtors will experience an appreciable reduction in expense of counsel, payment of filing fees, and the like. The Court, therefore, allows this case to proceed as a joint case although the debtors are no longer husband and wife as contemplated by Section 302. This decision is in conformity with the Fifth Circuit Court opinion in *In the Matter of Reed,* 700 F.2d 986 (5th Cir. 1983).

■ Next the Court turns to the second question, i.e., can debtors who may or may not receive discharge under Section 523 or Section 727 avoid the lien on personal property? The Court can ascertain no interdependence or correlation between Section 522 and Section 523. Nor can the Court in its limited research find any cases that establish interdependence or correlation. Considering the effect of state law, it seems clear that although a judgment may be based on fraud or punitive damages or any of the other causes incorporated in Section 523 or Section 727 to create nondischargeability, state exemptions from execution and levy are still available to the defendant. It matters not upon what cause of action the judgment arose, (excluding maintenance and child support) the defendant's state exemptions are still available. The Court, therefore, concludes that the ability to avoid a lien or to redeem for present cash value is not dependent upon dischargeability. Obviously, if discharge is eventually denied to the debtor under Section 727; or if a debt secured by a non-purchase money, non-possessory security interest in household goods is held non-dischargeable, the rights of the creditor remain intact as to enforcement of the payment of the money due, and in the case of Section 727, remain intact in all aspects. However, the bankruptcy proceeding could still alter the security interest aspects of the transaction under Section 523 proceedings. Since Missouri has "opted out" of the Federal exemptions this would have only minimal effect on the rights of the creditor or the debtor. Finally, it seems clear that for this Court at this time to refuse to consider a Motion to Avoid Lien or Motion For Redemption when no adversary action under Section 523 or Section 727 has been filed, merely upon the possible contingency that either the debtor or some particular debt will not be discharged, is tantamount to prejudgment and should not be indulged in. The evidence on such issues may be considerably more detailed or more explanatory and may even require a different standard of proof. The Court will, therefore, consider the Motion to Avoid Lien and the Motion For Redemption on the merits.

■ As to redemption of the pickup truck for $500.00, debtors' Motion to Redeem is DENIED. The evidence presented

indicated that it was Keith Pipes who sought to redeem the vehicle and use it for transportation and in his work as a mechanic. However, the evidence also indicated that Sherry Pipes was the sole owner of said vehicle and had no use for it in her present circumstances. The only benefit Sherry could obtain from redemption under Section 722 should be either for the benefit of another or else to transfer same to another party. Further the pickup truck does not seem to fit the Section 722 definition of "personal, family or household use" or the requirement of "dischargeable consumer debt". Redemption is, therefore, not available.

As to the avoidance of the lien, the Court will allow debtors to avoid the lien of ITT Financial Services in two of the three televisions, up to the value of the state exemption for jewelry in the "emerald and diamond ring", up to the value of the state exemption in tools of the trade as to the "Mechanics Tools & Top/Bottom Chest—MAC Tools". No avoidance is allowed for the "Dune Buggy" (Rail Buggy).