### In re Brenda Joyce LAM & Dena Leslie Buechler, Debtors.

**Bankruptcy No. 88–04173–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Nov. 23, 1988.

Carrie Francke, Columbia, Mo., for debtors.

Jack E. Brown, Columbia, Mo., trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Brenda Joyce Lam, individually and as next friend for her minor daughter, Dena Leslie Buechler, a/k/a Dena Leslie Hyde, filed a joint petition for herself and her daughter under Chapter 7. The Trustee and the Court expressed concern as to whether a joint parent-sibling petition is permitted by the Bankruptcy Code, a hearing was held, and counsel for the co-debtors has filed her brief as of November 16, 1988.

The asserted basis for the filing of the joint or co-debtor petition is that a majority of the debts scheduled are for medical services rendered to the minor daughter after an automobile collision. The providers are pursuing both the mother and the minor daughter for payment of same. Counsel for the debtors thus postulates that judicial (and debtor) economy would be served by allowing the joint or co-filing. The schedules list fourteen creditors. Seven of those seem to be medical service providers who might have claims against the daughter for services rendered and against the mother because of the minority of the daughter. Three other of the fourteen debts seem to arise from the motor vehicle collision that caused the injuries requiring the medical services. As to these, there is nothing that indicates that the mother would have liability and the Court classifies these as obligations running only to the daughter. Four of the fourteen debts listed are for delinquent rent, delinquent utility bills and an unpaid magazine subscription. Whether these are the daughter's bills or the mother's bills is not disclosed. Since the two do not reside together, the Court must presume that these are not joint responsibilities.

11 U.S.C. § 302 contains the only reference in the Bankruptcy Code to joint cases. It contemplates the filing of same only where the two parties are first an individual and second the spouse of said individual. Nowhere in the Code is there any provision for any other type of joint case; although, as counsel for the debtors points out, nowhere in the Bankruptcy Code is there a prohibition against other types of joint cases. In isolated and rare cases, the § 302 provisions have been extended by some Courts including this Court in *In re Pipes*, 78 B.R. 981 (Bkrtcy.W.D.Mo.1987). However, the Court in its limited research has been unable to find any case allowing a joint parent-sibling filing. The Court believes that Congress intended the only joint cases to be spousal cases and § 302 clearly indicates that intent.

The previous analysis of the scheduled debts probably indicates why. Even between a parent and a minor sibling there will not be the identity of assets, the identity of debts, and the identity of relationship necessary to allow two separate entities to participate in one case. This Court believes that there must be two cases filed, one by each entity, and then administrative consolidation or consolidated administration, if same is warranted, but not one joint filing.

One of these parties has to remove herself from this case. Counsel for the co-debtors is directed to take appropriate steps within thirty (30) days or the Court will dismiss this case sua sponte.

SO ORDERED.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.