**In re F. James ASH, Debtor.**

**Bankruptcy No. 2–93–02127.**

United States Bankruptcy Court, D. Connecticut.

March 23, 1994.

---

Eugene S. Melchionne, Waterbury, CT, for debtor.

Paul Martin Tymniak, Fairfield, CT, for Robert Kaufman.

## RULING AND ORDER ON DEBTOR'S MOTION TO AVOID LIEN

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

F. James Ash, the debtor in this Chapter 7 case, has moved to avoid a judicial lien (real estate attachment) impairing the federal homestead exemption he elected pursuant to Code § 522(d)(1). Robert Kaufman (Kaufman), the holder of the lien, contends that the lien may not be avoided because any debt arising from the unliquidated claim secured by the lien will be nondischargeable as the claim arises from damages caused by the debtor's willful and malicious actions. The issue before the court is whether a judicial lien securing a nondischargeable debt may be avoided to the extent that it impairs the debtor's exempt property. The parties have filed a stipulation of facts and briefs supporting and opposing the debtor's motion.

### II.

### BACKGROUND

Prior to the filing of this Chapter 7 case on May 27, 1993, Kaufman and the debtor were engaged in litigation in state court in an action begun by Kaufman alleging damages suffered in a personal dispute with the debtor. The state court granted Kaufman's application for a $20,000 prejudgment attachment, and on November 12, 1991 Kaufman recorded the attachment against the debtor's interest in his residence, known as 41 Edin Avenue, Waterbury, Connecticut, owned jointly with his nondebtor wife.[1]

The court, in connection with the present motion, has valued the debtor's residence at $88,000. The property is encumbered by a first mortgage, recorded prior to the attachment, securing a debt of approximately $98,000 as of the petition date. The debtor elected the federal homestead exemption provided by § 522(d)(1)[2] and has moved pursuant to § 522(f)[3] and Fed.R.Bankr.P. 4003(d)[4] to avoid the attachment to the extent that it impairs his homestead exemption.

### III.

### DISCUSSION

#### A.

The parties have stipulated that the debtor has no equity in the property as the mortgage on the property exceeds its present value. The court has previously ruled that in the situation where there is no equity in

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—
> (1) a judicial lien....
> 11 U.S.C. § 522(f)(1).

---

1. The parties have consented to an order granting relief from stay to continue this state-court action.

2. Section 522(d) provides:
   The following property may be exempted under [the federal exemption provision] of this section:
   (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependant of the debtor uses as a residence....
   11 U.S.C. § 522(d)(1).

3. Section 522(f) provides, in pertinent part:

4. Rule 4003(d) provides:
   A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014.
   Fed.R.Bankr.P. 4003(d).

exempted property, a judicial lien on the property may be avoided in its entirety (as opposed to only for the amount of the claimed exemption) in order to insure the debtor's "fresh start" and to preserve the debtor's incentive to maintain and improve the property. *See In re LaPointe,* 150 B.R. 92 (Bankr.D.Conn.1993). Kaufman's attempt to distinguish *LaPointe* on its facts is not persuasive.

### B.

The court has not ruled, however, on the issue whether the dischargeability status of a debt secured by a judicial lien affects the debtor's right to avoid the lien. A substantial number of courts considering this issue agree that a debtor's avoidance power is not conditioned upon whether the underlying debt is dischargeable unless the debt comes within the categories of nondischargeable debts Congress expressly excepted from the operation of § 522(c), none of which are relevant to the present matter.[5] *See Walters v. United States Nat'l Bank of Johnstown,* 879 F.2d 95, 97 (3d Cir.1989) (holding that a judicial lien impairing an exempted homestead interest which is securing a debt found to be nondischargeable under § 523(a)(2)(A) (fraud) may still be avoided under § 522(f)) ("Congress was well aware of the relationship between [§§ 522 and 523], and carefully excepted from the exemption section some, but not all, non-dischargeable debts."); *In re Liming,* 797 F.2d 895, 898 (10th Cir.1986) (nonpossessory, nonpurchase-money security interest avoided pursuant to § 522(f)(2) notwithstanding that underlying debt was found to be nondischargeable under § 523(a)(2)(B) (false financial statement)) ("[A] debtor may bring an action to avoid a lien under [§ 522(f) ] even if the debt secured by that lien is declared nondischargeable."); *In re Evaul,* 152 B.R. 31, 32 (Bankr.W.D.N.Y.1993) (judicial lien securing nondischargeable student loan avoided because it impaired the debtor's homestead exemption) ("[B]ecause [§ 522(c) ] specifically enumerates certain

non-dischargeable pre-petition debts for which exempt property is liable, Congress intended that [§ 522(f) ] could be used to avoid judicial liens on exempt property secured by non-dischargeable debts not specifically protected by [§ 522(c) ]."); *In re Henderson,* 155 B.R. 157, 159 (Bankr. W.D.Tex.1992) ("In a situation in which the lien to be avoided is secured by a non-dischargeable debt, Congress has determined that the prevailing concern is the federal interest in seeing the debtor through bankruptcy with the sufficient means necessary to maintain a basic standard of living. Thus, the avoidance of a judicial lien which may impair a debtor's right to exemptions is unaffected by the nature of the debt which is secured by the lien."); *In re D'Amelio,* 142 B.R. 8, 9 (Bankr.D.Mass.1992) (rejecting creditors' contention that a judicial lien securing nondischargeable debt may not be avoided); *In re Gartrell,* 119 B.R. 405, 406 (Bankr.W.D.N.Y.1990) (judicial lien securing debt claimed to be nondischargeable under § 523(a)(7) may be avoided by the debtor); *In re Hampton,* 104 B.R. 527, 528 (Bankr. M.D.Ga.1989) (judgment lien based on a debt found to be nondischargeable under § 523(a)(6) (willful and malicious injury) avoidable to the extent that it impaired the debtor's homestead exemption); *Miller v. Hulvey (In re Hulvey),* 102 B.R. 703, 705 (Bankr.C.D.Ill.1988) ("[T]he provisions permitting lien avoidance [do not] restrict the debtor's right to debts which are dischargeable."); *In re Pipes,* 78 B.R. 981, 983 (Bankr. W.D.Mo.1987) ("[T]he ability to avoid a lien ... is not dependent upon dischargeability."); *In re Ewiak,* 75 B.R. 211, 212 (Bankr. W.D.Pa.1987) ("[A] judicial lien based upon a nondischargeable claim is ... avoidable, otherwise the protection envisioned by § 522(c) would fail.").

The court concurs with the reasoning of the above-cited cases and holds that the judicial lien may be avoided in its entirety as impairing the debtor's exemption under § 522(d)(1), notwithstanding that any debt

---

**5.** Section 522(c) provides that "property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case," except that exempted property remains liable to the kinds of nondischargeable debts specified by Code § 523(a)(1) (taxes and customs duties) and 523(a)(5) (alimony and child support), and for debts related to financial-institution fraud. 11 U.S.C. § 522(c).

resulting from this unliquidated claim may prove to be nondischargeable. Kaufman makes no substantive argument in opposition.

## IV.

### CONCLUSION

For the foregoing reasons, the debtor's motion is granted, and the attachment in the amount of $20,000 recorded on November 12, 1991 in the Waterbury land records against property known as 41 Edin Avenue, Waterbury, Connecticut is avoided and declared null and void pursuant to Bankruptcy Code § 522(f). It is

SO ORDERED.