**In re Dudley D. ALLEN, Debtor.**

**Bankruptcy No. 96–0565–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 20, 1998.

Raymond R. Magley, Smith, Hulsey & Busey, Jacksonville, FL, for Plaintiff.

Richard T. Thames, Stutsman & Thames, Jacksonville, FL, for Defendant.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the objection of Hanley C. Clark, Receiver for

George Washington Life Insurance Company, to the debtor's Motion to Avoid Lien. Upon the evidence presented at the hearing on the objection on September 16, 1997, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On July 7, 1995, Hanley C. Clark, Receiver for George Washington Life Insurance Company (Receiver), obtained a judgment against Dudley D. Allen (Debtor) in the United States District Court for the Southern District of West Virginia in the amount of $6,198,591.34. (Debtor Ex. 1.)

2. The West Virginia District Court's judgment was registered in the United States District Court for the Middle District of Florida on September 26, 1995. (Debtor Ex. 10.)

3. On November 17, 1995, the Receiver moved the West Virginia District Court for an order directing the debtor to convert a Mass Mutual Variable IRA and a Merrill Lynch IRA to cash, and to deliver the cash to the Receiver. (Receiver Ex. 3.)

4. The motion was granted on January 11, 1996, and the debtor was ordered to convert the IRAs and surrender the proceeds to the Receiver (Turnover Order). (Receiver Ex. 5.) A copy of the Turnover Order was subsequently recorded in Duval County, Florida, on January 18, 1996. (Debtor Ex. 8.)

5. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 1, 1996.

6. In his schedules, Debtor claimed various property, including the Mass Mutual and Merrill Lynch IRAs, as exempt. (Debtor Ex. 2.)

7. On March 21, 1996, George Washington Life Insurance Company in Liquidation filed an objection to the debtor's claim of exemptions. (Debtor Ex. 4.)

8. In an order dated December 18, 1996, this Court overruled the objection to Debtor's exemptions, with one exception.[1] (Debtor Ex. 5.) The following exemptions were allowed by the Court:

| Description | Value | Legal Basis for Exemption |
|---|---|---|
| 1 share of Ambrosia Mining Co. | Unknown | Tenants by the Entireties |
| 100 shares of Monsanto Co. | $ 12,250 | Tenants by the Entireties |
| 150 shares of H.J. Heinz Corp. | $ 4,968 | Tenants by the Entireties |
| 200 shares of Dial Corp. | $ 5,924 | Tenants by the Entireties |
| 200 shares of Kellogg Co. | $ 15,450 | Tenants by the Entireties |
| 2362 shares of Barnett Bank, Inc. | $139,358 | Tenants by the Entireties |
| 300 shares of E.I. DuPont | $ 20,961 | Tenants by the Entireties |
| 300 shares of Weyerhauser Corp. | $ 12,975 | Tenants by the Entireties |
| 300 shares of Norfolk Southern Corp. | $ 23,811 | Tenants by the Entireties |
| 318 Ptshp. shares of Servicemaster Ltd. Ptshp. | $ 9,619 | Tenants by the Entireties |
| 400 shares of Quaker Oats | $ 13,800 | Tenants by the Entireties |
| 4620 shares of First Union Corp. | $256,964 | Tenants by the Entireties |
| 500 shares of PharmaKinetics Labs | $ 105 | Tenants by the Entireties |
| 600 shares of American Heritage Life | $ 13,722 | Tenants by the Entireties |
| 600 shares of PharmaKinetics Labs | $ 126 | Tenants by the Entireties |
| 637 Ptshp. shares of Servicemaster Ltd. Ptshp. | $ 19,269 | Tenants by the Entireties |
| 750 shares of Flowers Industries | $ 9,090 | Tenants by the Entireties |
| 375 shares of Flowers Industries | $ 4,545 | Tenants by the Entireties |
| Merrill Lynch CMA Acct. No. 742–52660 | $ 2,558.01 | Tenants by the Entireties |
| Mass Mutual Annuity IRA | $142,068.74 | §§ 222.14, .21 Fla. Statutes |
| Merrill Lynch IRA | $ 2,778.87 | § 222.21 Fla. Statutes |
| Executive Life Ins. Co. Annuity | $ 194.77/mo. | § 222.14 Fla. Statutes |
| TransAmerica Occidental Life Ins. Co. Annuity | $ 88.89/mo. | § 222.14 Fla. Statutes |
| Metropolitan Life Ins. Co. Annuity | $ 94.44/mo. | § 222.14 Fla. Statutes |
| Otis Williams Annuity | $ 100/mo. | § 222.14 Fla. Statutes |
| Michael Felts Annuity | $ 72.60/mo. | § 222.14 Fla. Statutes |

1. The Court sustained the objection with respect to the cash surrender value of an ITT Hartford Life and Annuity life insurance policy. (Debtor Ex. 5.) The order on the debtor's exemptions is presently on appeal to the United States District Court for the Middle District of Florida, Jacksonville Division. (Receiver Ex. 6.)

| Description | Value | Legal Basis for Exemption |
|---|---|---|
| Personal Property | $ 1,847.50/mo. | Tenants by the Entireties |
| Personal Property | $ 744 | Art. X, § 4 of Fla. Const. |
| 100 shares of Dudley D. Allen, P.A. | Unknown | Art. X, § 4 of Fla. Const. |

*Id.*

9. On July 9, 1997, this Court denied the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) on the grounds that he transferred property within one year of the petition date with the intent to hinder, delay or defraud a creditor. (Receiver Ex. 7.)

10. The Receiver then demanded, in a letter to the debtor's attorney dated July 21, 1997, that the debtor surrender the Mass Mutual and Merrill Lynch IRAs pursuant to the terms of the Turnover Order. (Debtor's Ex. 9.)

11. On July 24, 1997, the debtor filed a motion to avoid the judicial lien imposed by the West Virginia District Court against the debtor's exempt property. (Doc. 61.)

12. The Receiver filed an objection to the debtor's motion on August 13, 1997. (Doc. 63.)

## CONCLUSIONS OF LAW

 Upon the filing of a petition in bankruptcy, a bankruptcy estate comprised of the debtor's legal and equitable interests in property is created. 11 U.S.C. ·§ 541 (1997). Pursuant to 11 U.S.C. § 522(b), debtors are allowed federal exemptions which in effect shield certain property from creditor claims. However, states are granted the opportunity to opt out of the federal exemption scheme at their election. 11 U.S.C. § 522(b)(1) (1997). Florida has elected to opt out of the federal scheme and now provides exemptions to debtors according to state law. Fla.Stat.Ann. § 222.20 (West 1998).

Debtors are given the opportunity to avoid liens on exempt property by 11 U.S.C. § 522(f). Pursuant to § 522(f)(1) a debtor may:

avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which

the debtor would have been entitled under subsection (b) of this section,[2] if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt—

(i) to a spouse, former spouse, or child of the debtor ...

(ii) to the extent that such debt

(I) is not assigned to another entity, ...

(II) includes a liability designated as alimony, maintenance, or support, ....

11 U.S.C. § 522(f)(1) (1997). The lien avoidance statute thus allows a debtor to avoid: 1. The fixing of a judicial lien; 2. on an interest of the debtor in property; 3. if that lien impairs the debtor's exemption(s). *Id.*

In his Motion to Avoid Lien, the debtor seeks to avoid the judicial lien of the Receiver by utilizing § 522(f). The Receiver objects to avoidance of the lien, and contends that a debtor whose discharge is denied under 11 U.S.C. § 727(a)(2)(A) cannot avoid liens under § 522(f) because the debtor does not obtain the fresh start which § 522(f) was intended to protect. To the contrary, the debtor asserts that his failure to obtain a discharge is irrelevant for purposes of § 522(f). Therefore, prior to determining whether the debtor has met the requirements of subsection (f), the Court must first determine whether 11 U.S.C. § 522(f) is an available remedy for a debtor whose discharge has been denied.

This issue is an issue of first impression in this Court. Those courts which have addressed the issue have held that a debtor is entitled to avoid a judicial lien pursuant to § 522(1) even if his discharge has been denied. *In re Henderson,* 155 B.R. 157 (Bankr. W.D.Tex.1992), *rev'd on other grounds,* 168 B.R. 151 (Bankr.W.D.Tex.1993), *aff'd,* 18 F.3d 1305 (5th Cir.1994), *cert. denied,* 513 U.S. 1014, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994); *In re Pipes,* 78 B.R. 981 (Bankr. W.D.Mo.1987). Similarly, numerous courts have held that judicial liens may be avoided even though the debt underlying the lien may be excepted from the debtor's discharge. *See In re D'Amelio,* 142 B.R. 8, 9 (Bankr.

---

**2.** Subsection (b) of section 522 enumerates the property an individual debtor may exempt from property of the estate. 11 U.S.C. § 522(b) (1997).

D.Mass.1992) ("Even if the Court determined that the debt was nondischargeable, a debtor may avoid a lien resulting from the underlying debt if it impairs an exemption."); *In re Ash,* 166 B.R. 202, 204–05 (Bankr.D.Conn. 1994) ("The court ... holds that the judicial lien may be avoided in its entirety as impairing the debtor's exemption under § 522(d)(1), notwithstanding that any debt resulting from this unliquidated claim may prove to be nondischargeable."); *In re Gartrell,* 119 B.R. 405, 406 (Bankr.W.D.N.Y.1990) ("Congress has not declared the underlying nature of a debt to have any affect on the Debtor's right to invoke the lien avoidance provision of § 522(f)."); *In re Evaul,* 152 B.R. 31 (Bankr. W.D.N.Y.1993) (holding that Chapter 13 debtor was entitled to avoid a judicial lien securing a nondischargeable student loan debt); *Walters v. United States Nat'l Bank in Johnstown (In re Walters),* 879 F.2d 95 (3d Cir.1989) (affirming district court's order permitting a debtor to avoid a judicial lien for a debt which was nondischargeable for fraud under 11 U.S.C. 523(a)(2)(A)); *Ewiak v. Ebner, et al. (In re Ewiak),* 75 B.R. 211, 212 (Bankr.W.D.Pa.1987) ("If property to be exempted is protected from claims which are nondischargeable, then it follows that the nondischargeability of a claim does not bar the exemption. It also follows that a judicial lien based upon a nondischargeable claim is also avoidable...."); *Miller v. Hulvey (In re Hulvey),* 102 B.R. 703, 705 (Bankr.C.D.Ill. 1988) ("Nor do the provisions permitting lien avoidance restrict the debtor's right to debts which are dischargeable. Creditors holding nondischargeable debts are not accorded any priority under the distributive scheme of the Bankruptcy Code."); *In re Pipes,* 78 B.R. 981, 983 (Bankr.W.D.Mo.1987) (concluding that the ability to avoid a lien is not dependent upon dischargeability); *In the Matter of Sullivan,* 83 B.R. 623, 624 (Bankr.S.D.Iowa 1988) ("The court's inquiry into the avoidance of liens which impair a debtor's right to exemptions is wholly unaffected by the nature of the debt which is secured by those liens."); *Shelton v. Wells (In re Shelton),* 28 B.R. 218, 219 (Bankr.E.D.Mo.1983) ("The judgment lien is avoidable, to the extent of the exemptions claimable, under 11 U.S.C. § 522(f)(1), ... even though the debt underlying the judgment may be nondischargeable."); *Central Nat'l Bank and Trust Co. of Enid. Oklahoma v. Liming (In re Liming),* 797 F.2d 895, 898 (10th Cir.1986) ("As the bankruptcy court correctly noted, a debtor may bring an action to avoid a lien under 11 U.S.C. § 522(f) even if the debt secured by that lien is declared nondischargeable."); *Hampton v. Silver Screen Video, II, Inc. (In re Hampton),* 104 B.R. 527, 528 (Bankr. M.D.Ga.1989) (adopting the reasoning in *In re Ewiak,* 75 B.R. 211 (Bankr.W.D.Pa.1987), and granting the debtor's motion to avoid a lien based upon a nondischargeable claim pursuant to § 522(f)(1)); *Gantt v. First Alabama Bank,* 7 B.R. 13, 14 (Bankr.N.D.Ga. 1980) ("Similarly, the court's inquiry into the avoidance of liens which impair a debtor's right to exemptions is wholly unaffected by the nature of the debt which is secured by those liens."). *Cf. Krajci v. Mt. Vernon Consumer Discount Co. (In re Krajci),* 7 B.R. 242, 244 (Bankr.E.D.Pa.1980) (finding that the court was devoid of authority to deny the debtors their right to avoid the lien due to the fact § 522(f)(1) does not state that fraud on the part of the debtor is a defense to the avoidance of a lien), *aff'd on other grounds,* 16 B.R. 462 (E.D.Pa.1981); *In re Haupt,* 16 B.R. 118, 120 (Bankr.E.D.Pa.1981) (granting debtors' application to avoid lien, stating that Congress had not provided that exempted property should be subject to a debt deemed nondischargeable because of fraud).

This Court agrees with the above-cited cases that the underlying nature of a debt which is secured by a judicial lien does not affect a debtor's right to avoid the lien. The Court holds that a debtor's ability to utilize § 522(f) to avoid a judicial lien is not dependent upon the debtor receiving a discharge, and consequently, the denial of a debtor's discharge does not bar the debtor from avoiding a lien pursuant to § 522(f).

The Receiver suggests that the Court must find that a discharge is a prerequisite to lien avoidance pursuant to § 522(f) based on the plain meaning of, and the legislative history to, the statute. When interpreting a statute, the starting point is the consideration of the language of the statute itself. *In re Francisco,* 204 B.R. 799, 800 (Bankr.M.D.Fla.1996)

(Paskay, J.); *United States v. McLemore,* 28 F.3d 1160, 1162 (11th Cir.1994) (citing *Ardestani v. INS,* 502 U.S. 129, 133–35, 112 S.Ct. 515, 519, 116 L.Ed.2d 496 (1991)). The plain meaning of the language of the statute should control unless the literal application of the statute produces a result "demonstrably at odds with the intentions of its drafters". *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (citing *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

The plain meaning of the language used in the lien avoidance statute supports the conclusion that a debtor may avoid a lien even after his discharge has been denied. The statute specifically lists the criteria for the avoidance of a lien: the fixing of the lien on an interest of the debtor in property, and the impairment of an exemption. 11 U.S.C. § 522(f)(1) (1997). The statute makes no mention of a requirement that the debtor receive a discharge in order to obtain avoidance of the lien.

Contrary to the Receiver's assertions, interpreting § 522(f) in accordance with its plain meaning does not produce a result inconsistent with the policies underlying the Bankruptcy Code, so as to require the Court to ignore the direct language of the statute. The legislative history to subsection (f) provides that the statute "protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6318; S.Rep. No. 95–989, 95th Cong., 2d Sess. 76 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5862. The protection of the fresh start obtained through a discharge is therefore one of the purposes of the lien avoidance statute. However, protection of the fresh start is not the exclusive goal of § 522(f). There is also the additional goal of protecting the debtor's exemptions, which can be accomplished whether or not the debtor actually receives a discharge.

> Regardless of any alleged impropriety or wrongdoing on behalf of the debtors with respect to the underlying debt, the function of the exemption provisions of the Code is to allow the debtor use of a fund of specific property from which he may maintain his basic standard of living. To this end, the debtor is allowed to avoid liens on a limited portion of his exempt property to further protect that property.

*In re Haupt,* 16 B.R. 118, 120 (Bankr. E.D.Pa.1981). *See also In re Henderson,* 155 B.R. at 159 ("In a situation in which the lien to be avoided is secured by a non-dischargeable debt, Congress has determined that the prevailing concern is the federal interest in seeing the debtor through bankruptcy with the sufficient means necessary to maintain a basic standard of living.").

After hearing from interested groups in the economy, Congress did its best to strike a balance between competing goals, *Walters v. United States Nat'l Bank in Johnstown (In re Walters),* 879 F.2d 95, 98 (3d Cir.1989), including the protection of exemptions as well as the fresh start. Congress has had ample opportunity subsequent to the holdings in *Henderson* and *Pipes* to amend § 522(f) to require a discharge prior to lien avoidance.[3] There has been no such amendment to § 522(f), and, construing the statute in accordance with its plain meaning, this Court finds that the ability to avoid a lien pursuant to § 522(f) is not dependent upon dischargeability.

Now that it has been resolved that § 522(f) is an available remedy for a debtor whose discharge has been denied pursuant to 11 U.S.C. § 727, the Court must determine whether all of the elements of § 522(f) have been satisfied so as to allow avoidance of the Receiver's lien. The statute allows the avoidance of a judicial lien fixed on an interest of the debtor in property to the extent

---

**3.** Congress amended 11 U.S.C. § 522(c) in 1990 to provide that exempt property would remain liable for certain additional non-dischargeable debts. Crime Control Act of 1990, Pub.L. No. 101–647, 104 Stat. 4789 (adding subparagraph (3) to provide that, in addition to the debts listed in subparagraphs (1) and (2), exempt property would remain liable for debts specified in subsections 523(a)(4) and (6)).

the lien impairs the debtor's exemptions. 11 U.S.C. § 522(f)(1) (1997).

 The parties agree that the Receiver holds a judicial lien on the debtor's exempt property, and that the lien impairs the debtor's exemptions. Therefore, pursuant to the lien avoidance statute, the debtor can avoid the Receiver's judicial lien if the lien fixed on an interest of the debtor in the property. The condition that the lien fix to an interest of the debtor in property simply requires that the debtor's ownership interest in the property predate the fixing of the lien. *Farrey v. Sanderfoot,* 500 U.S. 291, 296, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337, 344 (1991).

The Receiver contends that the debtor is unable to avoid the lien because it did not attach to an interest of the debtor in the property. The Receiver continuously refers the Court to the case of *Teasdale v. Frederick (In re Frederick),* 183 B.R. 968 (Bankr. M.D.Fla.1995), where this Court held that liens which attach to non-exempt property prior to the bankruptcy filing survive as valid liens against the bankruptcy estate. The Receiver asserts that in the instant case the lien attached to the IRAs prior to the time they attained exempt status, and hence, pursuant to *Frederick,* the lien cannot be avoided. The IRAs were not exempt when the lien attached, according to the Receiver, because the exemptions only came into effect when the debtor filed his bankruptcy petition, which was after the judicial lien attached.

The Court finds that this argument is without merit. The Receiver misinterprets the Court's holding in *Frederick.* The property in that case was deemed non-exempt because the defendant had abandoned his homestead prior to the time the lien attached, not because the defendant had failed to file a bankruptcy petition prior to attachment. *See Id.* at 971. The Supreme Court of the United States has instructed that the time for deciding a debtor's entitlement to an exemption for § 522(f) purposes is at the time of the filing of the petition in bankruptcy and not at the time the lien attaches. *Owen v. Owen,* 500 U.S. 305, 314 n. 6, 111 S.Ct. 1833, 1838 n. 6, 114 L.Ed.2d 350, 114 L.Ed.2d 350, 360 n. 6 (1991) (citing 11 U.S.C. § 522(f), (b)(2)(A)).

In *Gibson Group, Ltd. of Pinellas County, Inc. v. Cooper (In re Cooper),* 197 B.R. 698 (M.D.Fla.1996), a position similar to the instant one was argued. The lienholder in *Cooper* argued that the subject lien did not "fix on" an interest of the debtor in property because the lien fixed on non-exempt property prior to the filing of the bankruptcy petition, and the property was thereafter exempt on the date of filing. *Id.* at 700–01. Relying on *Owen* the court refused to hold that the interest the lien attaches to must be an identical interest that existed at the time the lien fixed. *Cooper,* 197 B.R. at 701.

This Court previously rejected the argument that the debtor lacked equitable title to the IRAs and held that he was entitled to claim the IRAs as exemptions under Florida law. (Debtor Ex. 5, 6.) The debtor owned the IRAs when the Receiver's lien attached; therefore, the lien attached to the debtor's interest in the property as required by § 522(f)(1).

The avoidance of the Receiver's lien does not result in a windfall to the debtor. On the contrary, the debtor remains personally liable for all debts which are not discharged. Although the Receiver is prohibited from executing on the debtor's IRAs, he is free to seek a postpetition execution against the debtor's non-exempt property: the judgment, although not the lien, remains intact. *See In re Ewiak,* 75 B.R. 211, 213 (Bankr. W.D.Pa.1987).

CONCLUSION

For the foregoing reasons, the debtor's Motion to Avoid Lien is granted. The Receiver's objection is overruled, and his lien will be avoided pursuant to Bankruptcy Code § 522(f). A separate order consistent with these findings of fact and conclusions of law be entered.