**In re 4–1–1 FLORIDA GEORGIA, L.P., a Missouri Limited Partnership, Debtor.**

**Bankruptcy No. 91–20029–C–11.**

United States Bankruptcy Court, W.D. Missouri, C.D.

April 3, 1991.

Frank P. Rainer, Tallahassee, Fla., for Barnett Bank of Tallahassee.

Paul H. Gardner, Jefferson City, Mo., for Intercontinental Bank.

David A. Johnston, Craig A. VanMatre, P.C., Columbia, Mo., for debtor.

Paul M. Hoffman, Smith, Gill, Fisher & Butts, Kansas City, Mo., U.S. Trustee.

MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

4–1–1 Florida Georgia, L.P. and other affiliated and related partnerships, to-wit: AAA Suburban, Ltd; Florida Commercial, Ltd.; and Tharpe Street Mini–Storage, Ltd. filed *a* petition for reorganization under Chapter 11. The United States Trustee and Amerifirst Bank filed Motions To Dis-

miss or Transfer. At the hearing it developed that debtor was comprised of at least four but possibly six separate and distinct entities. The principal business of these entities is the ownership and operation of mini-warehouses and/or mini-storage units in Florida and Georgia, although some apartment and office space is also controlled or owned in Tallahassee, Florida.

Of the scheduled priority debts, the Internal Revenue Service ($526.56) is the only Missouri creditor. Of the scheduled secured creditors, all but one are located in Florida and that one is in Texas. Of the scheduled unsecured creditors 20 are located in Florida, 4 in Georgia, and 1 each in Arizona, Louisiana, Ohio and Missouri ($2,470.50). Of the scheduled equity security holders, only one, Capital Maintenance Corporation (the corporate general partner of 4-1-1) is located in Missouri. Of the 160 listed limited partners, 95 are in Florida and the others are scattered throughout 21 states, but none are in Missouri.

Faced with the apparent multiplicity of reasons which mandate this case should not survive, or at least not survive in the Western District of Missouri, counsel for creditors showed remarkable restraint in not engaging in more of a court room frenzy than they did. The Court announced from the bench that it would dismiss the case and has done so, by order, with this written opinion to follow.

The easiest issue to rule and the most dispositive is the improper joinder of multiple parties in one petition. 11 U.S.C. § 302 allows two spouses to file one petition for relief. No other portion of the Bankruptcy Reform Act of 1978 allows joint filing or multiple parties to a petition. If there is an issue upon which all Bankruptcy Courts are and have been undivided, this is such. *In re Clem*, 29 B.R. 3 (Bkrtcy.D.Idaho 1982) and *In re Jephunneh Lawrence & Assoc.*, 63 B.R. 318 (Bkrtcy.D.Colo.1986). This Court in two published cases from the Central Division of the Western District of Missouri (the Division this case was filed in) has ruled the same way. *In re Pipes*, 78 B.R. 981 (Bkrtcy.W.D.Mo.1987) and *In re Lam*, 98 B.R. 965 (Bkrtcy.W.D.Mo.1988).

The Court finds no cases where there has been a contrary ruling and no commentator who suggests a contrary result.

The Court concludes, therefore, that the petition filed by these entities is improper and must be dismissed. The Court notes that if any entity chooses to refile, it would appear that the Western District of Missouri would not be the venue of choice. Other than that, the Court will not take any positionon the portion of the Motions to Transfer, this ruling causing them to be moot. Finally, the Court contemplated sanctions against counsel for the petitioners. After considerable reflection the Court has decided not to impose sanctions, although any further filing of this type will not be treated so favorably. The case is DISMISSED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.